Whenever you're ready. Good morning, Your Honors. My name is Alfred Tex. I'm representing the petitioner, Mr. Regis. Mr. Regis is the son of a principal beneficiary of a PNC visa, which the mother was a came here for the purpose of getting married to a U.S. citizen, and she has since gotten her green card or lawful permanent resident, and is now a citizen. The same thing with the siblings of Mr. Regis. They came here on a K2, which is a dependent of a K1 visa holder. The siblings have since obtained their lawful permanent residence and are now citizen. Now the question is on Mr. Regis. He was he was granted a K2 visa, and he came here, and after his mother married the U.S. citizen, the sweetheart, Mr. Regis also applied for lawful permanent residence. It was denied because at the time he was admitted into the United States, he was already above 21. It is the position of the the Mr. Regis that the case of Carpio v. Holder lands a or is should persuade court that he should be allowed to adjust status even though he was already above 21 when he came into the country. Well, the government argues that the BIA made a precedential decision of In-ray Lee, and that that's entitled to deference under the Chevron doctrine. Yes, Your Honor. Is Lee entitled to deference? We submit that the mother of Lee or Lay does not apply in this case because the factual backdrop of that case is different. I believe the beneficiary turned 21 after he already applied for adjustment of status. In the case of Mr. Regis, he relied on the visa issued by the U.S. consulate in Manila and which visa, which K-2 visa was on papers made valid until August 2007, when in fact he was about to turn 21 five days after the visa was issued on February 13, 2000, but February 13, 2000, 2006, I believe. If we found that factual difference not to make, not to have any effect on this particular case, do you think In-ray Lee has precedential effect? Is it owed deference under the Chevron doctrine? Well, Your Honor, we rely on Carpe versus Holder. It says the, which suggested that the eligibility for adjustment of status may be determined at the time of the application of, or the, when the U.S. citizen petitioner applied for the free and safe visa or at the time that the beneficiary or derivative beneficiary applied for visa at the consulate. Carpe was decided before the BIA issued its precedential decision in lay and the court went out of its way to find there that a non-presidential decision issued earlier by the BIA was only entitled to skid more deference, but now we have this changed legal landscape where, you know, the Tenth Circuit decision admittedly is a reasonable interpretation of the statute, but we've now got the BIA issuing a precedential decision in the face of an ambiguous statute. So, and you've conceded, I think, that the statute is ambiguous. So how do you prevail under those circumstances? Our posture is simple, Your Honor. The, a application for visa at the consulate relies on the whatever's decided on by the consulate. So you're talking here of a foreign national who's not even aware of the details of the immigration law, and he would be left, and he came here on the strength of that visa and, you know, he applied, he followed the rules in applying for lawful permanent residence, but he's left without recourse simply because the consulate erred in granting a visa longer than what the regulation or the Act allows. That's the dilemma. I understand, Your Honor, that the matter of lay talks of the age at the time of admission, but at the same time, we're stuck with the situation of Mr. Regis, who complied with the law, followed the consul's validity of the validity period provided by the consul in granting the visa. Well, you've made this argument, and I appreciate that there is an element of unfairness that in this case, but is it fair to say that you did not argue that position below? You didn't, it's essentially an estoppel argument, right? You didn't make that argument below. The previous counsel may have. I'm sorry, you weren't counseled. I was not, Your Honor. I only handled the appeal, yeah. So I'm generally stuck with what's already on the table. But, Your Honor, Carpio v. Holder is not, well, it suggests that the possible ways of determining the eligibility for adjustment, and so we just rely on that, that that's applicable to this case, knowing that, of course, Mutter v. Ley talks of deference to the agency's interpretation, which is totally different from our position. If there's no more questions, you're on idle. Thank you very much. You have reserved some time for rebuttal. Mr. Tucker? May it please the Court, Colin Tucker for the Attorney General. Mutter v. Ley absolutely controlled the agency's decision in this case, and that decision is entitled to deference. Far from being arbitrary, capricious, or manifestly contrary to the statute, Mutter v. Ley approaches a statutory ambiguity with a well-reasoned decision, and in so doing, addresses a concern that came up in a very complicated statutory scheme. Mutter v. Ley is reasonable for, well, there are a number of reasons. For starters, it accounts for the fact that intervening events can extinguish an alien's eligibility for a K2 visa, intervening events occurring, that is, between when the visa is issued and when it's used by an alien who enters the country. Furthermore, the Department of Homeland Security is in position to reassess visa eligibility at the point of entry when the alien makes an application for admission, so that also would go towards establishing that the point of entry, the time of admission, is the reasonable time to assess visa eligibility. Finally, the statutory language actually highlights the importance of admission. 1184d.1 sets the date on which the primary beneficiary of a K visa may, it sets the time for which she must marry from the date of admission, as opposed to the date on which the visa issues. All those reasons are discussed in Mutter v. Ley. It's a well-reasoned, again, decision. I believe it's entitled to deference. If there are no questions from the panel, I'm prepared to rest on the briefs. Thank you. You're right, Roberta. Well, thank you very much. We will ask
judges: Allyson K. Duncan, G. Steven Agee, Albert Diaz